### KLAW v. NEW YORK PRESS CO., Limited.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

1. LIBEL AND SLANDER (§ 95*)—PLEA—MITIGATION OF DAMAGES.
     In an action for libel, a partial defense, to mitigate damages, alleging that plaintiff proved himself an undesirable person in certain business relations not connected with or involved in the subject-matter of the publication in controversy, and not showing plaintiff's general bad character, was demurrable.
     [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 227; Dec. Dig. § 95.*]

2. LIBEL AND SLANDER (§ 95*)—PARTIAL DEFENSES—MITIGATION OF DAMAGES.
     A partial defense, in an action for libel, for mitigation of damages, alleging that the statements complained of were communicated to defend-

ant by persons and from sources which it had theretofore found to be reliable, and which it then believed to be reliable, and that in publishing the article defendant relied on the statements made to it, and believed that the article was true, was not demurrable because it also contained irrelevant matter.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 227; Dec. Dig. § 95.*]

3. LIBEL AND SLANDER (§ 94*)—DEFENSES—RELEVANCY.

In an action for libel, the complaint charged that prior to February 1, 1909, plaintiff's firm had advertised in defendant's newspaper, but after such date ceased to do so, and that thereupon defendant, contriving and maliciously intending to injure plaintiff, published the libel in question. Defendant, in a separate defense, demurred to, recited the history of a quarrel between defendant and H., a member of a theatrical managers' association, to which plaintiff belonged, and charged that as a result of such quarrel the members of the association, including plaintiff, with a view to coercing defendant in the conduct of his business, agreed to discontinue their advertising after February 1, 1909; but there was no connection between the facts pleaded and the libel. *Held*, that such defense could not be sustained on the ground that the facts charged were provocative; there being no allegation that the libel was published in the heat of passion or was provoked by any act of plaintiff.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 219–225; Dec. Dig. § 94.*]

Appeal from Special Term, New York County.

Action by Marc Klaw against the New York Press Company, Limited. Cross-appeals from an interlocutory judgment sustaining plaintiff's demurrer to the second defense, and overruling a demurrer to the third and fourth defenses, pleaded in the answer. Judgment sustaining a demurrer to the fourth defense affirmed, judgment overruling the demurrer to the third defense reversed, and demurrer to that defense sustained, with leave to withdraw the demurrer, and with leave to defendant to serve an amended answer.

See, also, 137 App. Div. 686, 122 N. Y. Supp. 437.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

David Gerber, for plaintiff.
Cornelius J. Sullivan, for defendant.

SCOTT, J. These are cross-appeals from an interlocutory judgment overruling the plaintiff's demurrer to the third and fourth separate defenses, and sustaining his demurrer to the second separate defense; all of said defenses being pleaded as partial defenses.

[1] The action is for libel, based upon an article published on March 10, 1909, charging plaintiff with having unfairly overreached a business associate. The second separate and partial defense charges plaintiff and certain other theatrical managers with having entered into a pooling combination to control theaters and theatrical productions, and sets forth an indictment of such managers, including plaintiff, as well as a statement, purporting to have been issued by the district attorney, regarding the existence of the pooling combination and its effect. The defense is not connected in any way with the alleged libel, and appears to be designed to reduce the damages, by showing that plaintiff's char-

acter is such that a libel could not greatly injure him.   Respecting this defense Mr. Justice Whitney, at Special Term, said:

"The second defense is an attempt to mitigate damages, not by showing plaintiff's general bad character, but by showing that he proved himself an undesirable person in certain business relations not connected with or involved in the subject-matter of the publication. This is not permissible."

We agree entirely with the learned justice in this regard, and, for the reasons stated by him, the demurrer was properly sustained.

[2] The fourth separate defense reiterates the objectionable matter contained in the second separate defense, and, if it included nothing else, would be equally open to demurrer.  But it also contains the allegations, frequently to be found in answers in actions for libel, tending to show, in mitigation of damages, that the statements complained of were communicated to defendant by persons and from sources which it had theretofore found to be reliable, and which it then believed to be reliable, and that in publishing the article complained of defendant relied upon the statements made to it, and believes the said article to be true.  The fourth separate defense is demurred to as a whole, and must be considered as such; and, since it contains matter which is relevant as a defense, it is not subject to demurrer because it also contains irrelevant matter.  The plaintiff, however, can be amply protected at the trial by proper objections to the proof of the objectionable matter embraced in the defense.  The demurrer to this separate defense was therefore properly overruled.

[3] The complaint alleges that for some time prior to February 1, 1909, the firm of which plaintiff is a member had advertised in defendant's newspaper, but from and after said date ceased to do so; "that thereupon the said defendant, contriving and maliciously intending to injure this plaintiff," etc., published the libel complained of on March 10, 1909.  The purpose of this allegation is, of course, to show express malice on defendant's part.  The third separate defense gives at some length the history of a quarrel between defendant and one Oscar Hammerstein, a theatrical manager, said to be a member of the Theatrical Managers' Association of Greater New York, of which plaintiff is said also to have been a member.  It is said that as a result of the aforesaid quarrel the members of said Theatrical Association, including plaintiff, with a view to coercing defendant in the conduct of its business, agreed to discontinue their advertising in defendant's newspaper from and after February 1, 1909.  There appears to be no relation or connection between the facts thus pleaded and the libel sued upon, and certainly, if all the facts stated in the defense are true, they furnish no justification for the libel which defendant published concerning plaintiff.

The defense is sought to be upheld on the ground that the facts charged in it were provocative, and hence furnished some excuse, if not a justification, for attacking plaintiff by means of the libel complained of.  The answer contains no allegation that the libel was published in the heat of passion, or was provoked by any act on the part of plaintiff; but, even if it had so alleged, the defense would still be insufficient, because of the length of time, a month and ten days, that

elapsed between the discontinuance of the advertisements and the publication of the libel, certainly more than a sufficient time for the defendant's passion to have cooled. The demurrer to this defense should have been sustained.

The interlocutory judgment appealed from, in so far as it sustained the demurrer to the fourth separate defense, is affirmed; in so far as it overruled the demurrer to the third separate defense, it is reversed, and the demurrer to that defense sustained, without costs in this court to either party, with leave to plaintiff to withdraw demurrer to the fourth defense, and with leave to defendant to serve an amended answer within 20 days after entry of the order on this appeal. All concur.