(161 App. Div. 363)

## PRESTON v. HOBBS.

(Supreme Court, Appellate Division, First Department.   March 6, 1914.)

1. LIBEL AND SLANDER (§ 46*)—LIBEL—PRIVILEGED COMMUNICATION—QUALIFIED PRIVILEGE.

About a week before the publication of the alleged libel by defendant herein, plaintiff had published a libelous article concerning G. and defendant, and the libel complained of herein was composed and signed by G. in reply to plaintiff's prior publication and published by defendant as a paid advertisement.   The article did not purport to express defendant's sentiments, but in fact contained matter which also constituted a reply by defendant to plaintiff's attack upon him and G. in the prior article, and as a reply to such article was fair and reasonable.   *Held*, that the publication was qualifiedly privileged as to defendant, under the rule that, where one has been libeled so as to have the right to reply thereto, his publication of a reply is qualifiedly privileged as to the person publishing it.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 131, 141–143;  Dec. Dig. § 46.*]

2. LIBEL AND SLANDER (§ 97*)—PRIVILEGED COMMUNICATION—TRIAL ON DEMURRER.

The question of whether a communication which the answer showed to be qualifiedly privileged was in fact privileged cannot be tried on demurrer.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 234–236;  Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by Henry L. Preston against Elon S. Hobbs.   From an order sustaining a demurrer to a defense, defendant appeals.   Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

William R. Page, of New York City, for appellant.

Julius Kendler, of New York City, for respondent.

HOTCHKISS, J.   The complaint alleged that plaintiff edited and controlled a publication known as the New York Produce News and that defendant was the proprietor and publisher of a similar paper called the Fruit Trade Journal and Produce Record, both of which papers circulated among persons engaged in the fruit trade, and that defendant had libeled plaintiff by publishing in his newspaper the article complained of.   The defense demurred to alleges that, about one week previous to the publication of the alleged libel by defendant, plaintiff had published a libelous article of and concerning one Gibson and relating to certain acts of his in the course of his business as a dealer in fruits, and as well of and concerning the defendant, and that

the article complained of by plaintiff was composed and signed by Gibson and was published by defendant as a paid advertisement; that it did not purport to express defendant's views or sentiments, but only purported to be Gibson's reply to the article published by plaintiff; but that in fact it contained matter equally constituting a reply by defendant to the plaintiff's attack upon him; and that, as such dual reply, the article was true, fair, and reasonable.

[1, 2] Regarded as a reply by defendant, the facts alleged in the answer were sufficient to show that such reply was qualifiedly privileged. Odgers on Libel and Slander (5th Ed.) 291; Keller v. Am. Bottlers Pub. Co., 140 App. Div. 311, 125 N. Y. Supp. 212; Hemmens v. Nelson, 138 N. Y. 517, 529, 34 N. E. 342, 20 L. R. A. 440; Richardson v. Northrup, 56 Barb. 105. Under these circumstances, the question of privilege cannot be tried on demurrer. Triggs v. Sun Print. & Pub. Ass'n, 179 N. Y. 144, 71 N. E. 739, 66 L. R. A. 612, 103 Am. St. Rep. 841, 1 Ann. Cas. 326. For the same reasons, if this action was against Gibson, he would be protected by a similar privilege. I think that the facts alleged were also sufficient to extend Gibson's privilege to defendant, on the principle that where one is the subject of a libel, having himself the right to make a reply, he may disseminate such reply in, or by means of, some appropriate medium, and the one through whom such dissemination is effected is protected by the same or a similar privilege as that which protects the author. Authorities on this subject are few, but the principle seems to me to be a necessary corollary to the rule which sustains the right of reply itself. A contrary doctrine would result in practically denying all opportunity for reply, for if such reply could be published or circulated only at the risk of subjecting those who took part in such publication or circulation to an action of libel, unprotected by any defense of privilege, all avenues of self-defense would be closed to him who had been the subject of the original libelous attack and whose right to appropriate reply the law recognizes and should protect. While the decision itself is not exactly in point, the principle I have referred to was recognized by Cozens-Hardy, L. J., in Edmondson v. Birch & Co., 76 L. J. Rep. N. S. 346. In that case, defendant had dictated a qualifiedly privileged communication to his clerk and had sent another and similar communication by cable, and it was claimed that by thus publishing the libel to strangers, defendant's privilege was lost. Lord Justice Cozens-Hardy said (page 353):

"If we were to accede to the view which has been urged on behalf of the respondent, we should in effect entirely destroy the defense of privilege in every case in which an action for libel was brought against a company or large mercantile house. It would be impossible for the person at the head of such a concern, or indeed for any individual, to write with his own hand every document that was required to be written in the course of its business. In such cases the correspondence must necessarily pass through the hands of more than one person and a record of it must be preserved in the letter books."

On the trial of Cassidy v. Brooklyn Daily Eagle, 18 N. Y. Supp. 930,[1] the late Mr. Justice Barrett, for many years a member of this

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 635.

court, and a judge of great experience and learning, charged the jury in the following words:

"The newspaper which published the accused party's answer has the same privilege as that accused person. The newspaper is just as much privileged in publishing a fair defense as would be the attacked party."

Although the judgment was reversed in the Court of Appeals (138 N. Y. 239, 33 N. E. 1038), the reversal was on a different point, and the correctness of the charge does not seem to have been questioned by court or counsel.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to plaintiff to withdraw the demurrer upon payment of said costs. All concur.

