ALVIN E. LEVEY, Appellant, *v.* NEW YORK EVENING JOURNAL, INC., Respondent.

First Department, December 9, 1932.

*John Schulman* of counsel [*Sadie Morris* with him on the brief; *Hays, St. John, Abramson & Schulman,* attorneys], for the appellant.

*Charles Henry* of counsel [*Charles C. Smith,* attorney], for the respondent.

O'MALLEY, J. The action is in libel. The article complained of reads: " Records, files and ' sucker lists ' were seized by raiders from the District Attorney's Office when they descended on the office of A. E. Levy [*sic*], and arrested him for investigation of his deals. He is shown (at left) on his way to face quiz by the District Attorney. With him is Deputy George McCall of that office, one of the raiders."

The complaint alleges that by the words above quoted the defendant meant and intended to mean that plaintiff was charged with a crime and that the words were so understood by the readers of defendant's newspaper in which it had been published.

The answer admits the publication but sets up two alleged complete defenses and four alleged partial defenses. Plaintiff's motion to strike out these defenses for insufficiency was granted only with respect to the fourth, but denied with respect to the others.

The first separate defense purports to be by way of justification. It alleges in effect that prior to the publication there was pending in the office of the Attorney-General a complaint with respect to the plaintiff, in that he had fraudulently represented matters to a certain party to induce the purchase of certain bonds; that the Attorney-General by his assistants and deputies went to plaintiff's offices and commanded him forthwith to attend with all his books and papers; that plaintiff did so without physical resistance and was taken to the office of the Attorney-General and there examined.

It is further set forth that plaintiff had been conducting business in violation of article 23-A of the General Business Law and chapter 649 of the Laws of 1921 and acts amendatory thereto, in that he did not keep proper books and records, had a list of names of individuals to whom he intended to sell the bonds at a price far in excess of market value; that he intended to induce these individuals to purchase the bonds without specification of date of maturity and

to reap a large and unconscionable profit and to treat these individuals in effect as " suckers; " that prior to the publication of the matter complained of plaintiff was engaged in the selling of bonds on the installment plan for future delivery without delivering the bonds and without holding title to them and at the same time assuming to levy a carrying charge to the purchaser.

This defense is not complete. The plea of justification must be as broad as the libel. (*Fero* v. *Ruscoe*, 4 N. Y. 162; *Mann* v. *Press Publishing Co.*, 133 App. Div. 29; *Block* v. *Nussbaum*, 160 id. 678; *Schieffelin* v. *Hylan*, 205 id. 360.) Here, the libel charged plaintiff with a crime and arrest by the district attorney's office. The defense shows that plaintiff was being investigated, not by the district attorney, but by the Attorney-General, and that, instead of being arrested, he voluntarily appeared for examination in a proceeding not shown to be criminal.

The second separate defense is an attempt to plead privilege. It is to the effect that the publication was a fair and true report of certain public, official and judicial proceedings, to wit, an inquiry pursuant to article 23-A of the General Business Law of the State of New York and chapter 649 of the Laws of 1921, and acts amendatory thereto. Again, it should be noted that even with respect to this plea of privilege it relates to a proceeding conducted by the Attorney-General of the State of New York and not to an investigation and arrest made by the district attorney. It certainly is not a fair and impartial report of proceedings on the part of the Attorney-General to publish an account of alleged proceedings before the district attorney. In this respect the plea of privilege may not be sustained.

The first partial defense is a repetition of the first complete defense; and the third partial, a repetition of the second complete. The matters so pleaded, however, do not tend to partially justify the libel complained of, nor do they show mitigating circumstances. The libel, it is asserted, was intended to convey the impression that the plaintiff was arrested by the district attorney. It is difficult to see how there would be any partial justification or mitigating circumstances shown from the fact that the plaintiff was merely investigated by the Attorney-General. These partial defenses do not tend in some appreciable degree towards proving the truth of the charge in the libel. They are, therefore, insufficient. (*Mattice* v. *Wilcox*, 147 N. Y. 624, 634.)

The second partial defense is to the effect that the matter set forth in the first separate defense had been communicated to the defendant by trustworthy persons and that the defendant had

relied upon such information from such source, believing it to be true. Here, again, the defense does not totally or partially meet the libel. What defense is it for the defendant to have relied upon information that plaintiff was being investigated merely by the Attorney-General to say that he had in fact been investigated and arrested by the district attorney?

It follows, therefore, that the order in so far as appealed from should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion to dismiss the defenses granted *in toto*, with ten dollars costs, with leave, however, to the defendant to plead anew if it be so advised within twenty days after service of a copy of the order entered hereon and upon payment of such costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion granted *in toto*, with ten dollars costs, with leave to the defendant to plead anew if it be so advised within twenty days from service of order upon payment of said costs.