SAMUEL DUBOW, Respondent, v. MARTIN MONSZAROWSKI, Sued Herein as MARTIN MONSHAROUSKE, Appellant.— Action for personal injuries growing out of a fall by plaintiff through a hay hole in defendant's barn. Judgment for plaintiff and order denying defendant's motion for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

ROBERT JOSEPH FRANKEL, an Infant, by ROSE FRANKEL, His Guardian ad Litem, and ROSE FRANKEL, Respondents, v. MAURICE B. HERMANN, Appellant.— Action by the infant plaintiff and his mother for personal injuries and loss of services by reason of the sudden opening of a door of an automobile while it was parked at the curb, striking the infant plaintiff on his head while he was standing on the sidewalk and causing the loss of an eye. Judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

ALFONSO GRAZIANO, Respondent, v. DAMIANO GRILLO and ANGELINA GRILLO, Appellants, and Others, Defendants.— In an action to foreclose a mortgage, order striking out the answer of defendants Grillo and granting plaintiff's motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

ANDREW GROFF, Appellant, v. THE DAILY REVIEW CORPORATION, Respondent. — The complaint in this libel suit alleges that the defendant's newspaper published a statement that the plaintiff, on May 13, 1935, in the County Court of Nassau county, pleaded guilty to the charge of attempted assault in the second degree. By paragraph IV of the amended answer, the defendant attempts to plead, as a partial defense and in mitigation of damages, the conviction of the plaintiff on his plea of guilty as a second offender on that day in said County Court of the offense of driving a motor vehicle while intoxicated. This paragraph of the answer also alleges two prior convictions of the plaintiff of driving a motor vehicle while intoxicated. Plaintiff moved at Special Term to strike out the allegations of said fourth paragraph of the answer, on the ground that the matters therein alleged are irrelevant, constitute no defense, and are improperly pleaded in mitigation of damages. Order denying motion reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion granted to the extent of striking out the words " the said plaintiff having on or about June 11, 1928 been fined for a similar offense before Justice of the Peace Southard, and on or about the 6th day of July, 1934, having been confined to jail for a similar offense." Defendant's publication states that plaintiff pleaded guilty to attempted assault in the second degree in the County Court on May 13, 1935. There is no attempted justification of that charge. In our opinion, proof that plaintiff pleaded guilty on that date in that court as a second offender to driving a motor vehicle while intoxicated may be material and relevant in mitigation of damages. (*Foley* v. *Press Publishing Co.*, 226 App. Div. 535, and *Throckmorton* v. *Evening Post Pub. Co.*, 27 id. 125.) Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.