MILLARD E. THEODORE, Appellant, *v.* DAILY MIRROR, INC., Respondent.

Argued January 10, 1940; decided March 12, 1940.

*Eugene L. Bondy* and *Millard E. Theodore*, in person, for appellant.   Reversible error was committed in admitting prejudicial testimony concerning plaintiff's financial condition.   (18 Halsbury's Laws of England, p. 605; 2 Kent's Commentaries, p. 16; *Tryon* v. *Willbank*, 234 App. Div. 335; *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89; *Scott* v. *Sampson*, 82 Q. B. D. 491; *Bergstrom* v. *Ridgway Co.*, 138 App. Div. 178; *Skinner* v. *Powers*, 1 Wend. 451; *People* v. *Montlake*, 184 App. Div. 578; *Clark* v. *Variety, Inc.*, 189 App. Div. 462; *National Supply Co.* v. *Jebb*, 142 App. Div. 256.)

*Charles Henry* for respondent.   There was no error in the trial court's rulings on the cross-examination of plaintiff. (Seelman on Slander & Libel, §§ 310, 312; *Abell* v. *Cornwall Industrial Corp.*, 241 N. Y. 327.)

LOUGHRAN, J.   In this action for libel there was evidence sufficient to take the case to the jury on the issue whether the defendant had falsely and unjustifiably imputed to the plaintiff that he had been faithless to his public trust in his office as a member of the State Legislature.

On his cross-examination, the plaintiff was made to admit that there were unpaid judgments against him for office rent and merchandise, for money lent and for work and services.   This cross-examination runs to twenty-one pages of the record.   Plaintiff's objections thereto were overruled by the trial judge because, as he said, " it may all go to the character and reputation of the individual."   Whether that ruling was right is the only question to be determined on this appeal by the plaintiff from the affirmance of a judgment entered on a verdict for the defendant.

There was no objection when on his direct examination the plaintiff took credit to himself for social service work and for membership in several professional and fraternal organizations.   Defendant contends that thereby the plaintiff laid himself open to cross-examination respecting all manner of infirmities.   Cross-examination of that sort might within limits have been legitimately directed to the credit of the

plaintiff as a witness. But the defendant did not claim (nor did the trial judge rule) that the unsatisfied judgments had a proximate tendency to impeach any testimony of the plaintiff. (See *People* v. *Montlake*, 184 App. Div. 578, 583.) The contention of the defendant is not less than this: When the plaintiff ventured to testify to his quondam beneficient conduct his actual character became the issue with the result that the defendant was then entitled to cross-examine on facts unrelated to the libel in order to mitigate the damages.

We are unable to agree to that proposition. The bad disposition of a plaintiff is no defense to an action for defamation. (*Cudlip* v. *New York Evening Journal Pub. Co.*, 180 N. Y. 85, 87. Cf. *Stafford* v. *Morning Journal Assn.*, 142 N. Y. 598.) " It is not permissible for a plaintiff to give evidence of particular facts in support of his claim to have a good character, nor is it open to a defendant to give evidence, or to cross-examine as to particular instances with the object of diminishing the damages." (GREER, L. J., in *Hobbs* v. *Tinling*, [1929] 2 K. B. 1, 39.)

No argument has been made that the plaintiff's failure to pay his creditors would constitute any degree of justification, nor was an argument of that kind possible, for the answer did not plead any defense of truth. (Cf. *Fleckenstein* v. *Friedman*, 266 N. Y. 19.)

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LEHMAN, Ch. J., FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.