for leave to appeal to the Court of Appeals denied. Motion for stay pending hearing and determination of an application to the Court of Appeals to appeal to that Court granted. [See *ante*, p. 939.] Present — Cunningham, P. J., Taylor, Harris and McCurn, JJ.

### (May 17, 1944.)

VINCENT MESTRE, Respondent, v. ALUMINUM COMPANY OF AMERICA, Appellant.— Order reversed as a matter of discretion, without costs of this appeal to either party, and plaintiff's motion denied, without costs, and defendant's motion granted, without costs. Memorandum: The plaintiff's cause of action, except for fifteen days in May, 1931, is barred by the six-year Statute of Limitations. Any possible recovery would be for merely nominal damages. The case should not be restored to the calendar for that reason alone. All concur, except Harris, J., who dissents and votes for affirmance in the following memorandum: There is no reason to interfere with the exercise of sound discretion by the Special Term. The disposition of the question of damages is a function of a jury; Larkin, J., not voting. (The order grants plaintiff's motion to restore a silicosis action to the trial calendar and denies defendant's motion to dismiss the complaint for failure to prosecute.) Present — Cunningham, P. J., Taylor, Dowling, Harris and Larkin, JJ.

DOROTHY LAMMES, by BENJAMIN LAMMES, her Guardian ad Litem, Appellant, v. GLADYS BEATY, Respondent.— Judgment and order affirmed, with costs. All concur, except Dowling, J., who dissents and votes for reversal and for granting a new trial in the following memorandum: It was reversible error to allow counsel for the defense to interrogate Mr. Lammes about his indebtedness to Monroe County and about his marriages. No doubt these questions prejudiced the infant's case with the jury. Counsel for defense used this evidence in his summation. The court, in a casual way, told the jury to disregard the evidence. The damage had already been done. The fact that Mr. Lammes owed the county for the support of his children, had no bearing on the facts of the accident and it was reversible error to receive the testimony. (*People* v. *Montlake*, 184 App. Div. 578, 583; *Theodore* v. *Daily Mirror, Inc.*, 282 N. Y. 345, 347.) This evidence undoubtedly prejudiced the jury against both of the plaintiffs. (The judgment is for defendant for no cause of action in an automobile negligence action. The order denies a motion for a new trial.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

BENJAMIN LAMMES, Appellant, v. GLADYS BEATY, Respondent.— Same decision and like cause of action as in companion case of *Lammes* v. *Beaty* (*ante*, p. 1039, decided herewith). Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of JOSEPH F. BOHN, Appellant, against THOMAS W. H. JEACOCK et al., Constituting the Erie County Department of Social Welfare, et al., Respondents.— Order as resettled affirmed, without costs of this appeal to any party. All concur, except Larkin, J., not voting. (The order as resettled denies petitioner's application that defendants be directed to revoke the suspension of petitioner as special case supervisor and compel his reinstatement.) Present — Cunningham, P. J., Taylor, Harris, McCurn and Larkin, JJ. [See 268 App. Div. 821.]

LEE LEWELLYN, Respondent, v. ELIZABETH TULTZ, Respondent. CHESTER BOWLES, as Administrator of the Office of Price Administration, Intervener, Appellant.— Order reversed on the law, without costs of this appeal to any party and motion granted, without costs. Memorandum: The denial of appel-