Fred Meyers, as President of Paper Box Makers Union, Local 299, et al., Respondents, *v.* Huschle Brothers, Inc., et al., Appellants.

First Department, June 22, 1948.

*Daniel F. Kelley* of counsel (*Nugent & Nugent,* attorneys), for appellants.

*George Rifkin* of counsel (*Ashe & Rifkin,* attorneys), for respondents.

*Per Curiam.* The plaintiffs in this case are a labor union and several of its officers. They bring this action to recover damages for an alleged libel contained in a circular letter composed by the individual defendant as secretary-treasurer of the defendant corporation and distributed among the employees of the latter asking: " Do you want to be a member of a union that is controlled by men with Un-American ideas? By men who exploit and live in luxury on the dues you pay them." The letter also contained additional statements as to the misuse of dues by union officials and proceeded to point out the employment advantages presently enjoyed by the employees of the corporate defendant and how unionization might affect them. The circular concluded with a blank ballot on which an employee might indicate his preference for or against union representation.

The answer interposed on behalf of the defendants alleges (1) a complete defense by way of qualified privilege, and (2) a partial defense by way of mitigation of damages and partial

justification. These defenses were stricken by the Special Term as insufficient in law on the ground of failure to allege facts showing their applicability to the plaintiffs.

The plea of qualified privilege is substantially based on a claim that the alleged libelous publication addressed to the employees and intended for them exclusively was relevant to a proper discharge of the employer's duty concerning a matter in which they had a mutual interest. It is alleged that the circular was composed and distributed in good faith and without malice for the purpose of cautioning the employees against joining a union controlled by men with un-American ideas, to advise them that they should consider their own best interests in the matter, and to ascertain the number of employees desirous of union affiliation. Under such circumstances the defendants say that the communication was qualifiedly privileged and its contents not libelous.

While the plaintiffs on this appeal apparently concede that the ground on which the defense of qualified privilege was stricken at Special Term is not tenable, they nevertheless contend that the communication issued by the defendants is not privileged in the absence of any duty resting upon the employer to caution the employees not to join a union. For this proposition the plaintiffs point to the New York State Labor Relations Act (Labor Law, § 700 *et seq.*) as establishing the public policy of this State in the field of labor relations and prohibiting interference on the part of the employer with an employee in respect to choice of a collective bargaining agent. The plaintiffs further contend that the statements contained in the publication were so unfair, intemperate and reckless as to destroy any basis for a claim of conditional privilege in any event.

While it is true that the Labor Law (§ 700 *et seq.*) makes the desirability of collective bargaining a matter of public policy and condemns certain methods of interference as unfair labor practices, the defense in question contains no admission of facts which would indicate that the employer was guilty of improper interference with collective bargaining or the choice of a representative for such purposes. Upon the trial it may develop that the plaintiff union was seeking to be chosen as collective bargaining agent for the employees of the corporate defendant. The proof may show that the letter related to such a movement. The defense of qualified privilege may fall if it should be made to appear that the employer in circulating the letter interfered with the union's organizing activity to an extent forbidden under the law. Until this much is shown, it

seems to us that the defense of qualified privilege as alleged in the answer is good on its face. Certainly it cannot be said on the basis of the pleadings alone that the defendants violated any rule of public policy in communicating with the employees. We likewise think that the publication in question relating to a matter of common interest in connection with the employment and working conditions of the employees was not such an abuse of the occasion as to destroy any qualified privilege that may have existed and the availability of such defense to the defendants in this case. (See *Bingham* v. *Gaynor*, 203 N. Y. 27; *Ashcroft* v. *Hammond*, 197 N. Y. 488; *Moore* v. *Manufacturers' National Bank*, 123 N. Y. 420; *Van Wyck* v. *Aspinwall*, 17 N. Y. 190; *Loewinthan* v. *Le Vine*, 270 App. Div. 512; Restatement, Torts, § 596; 53 C. J. S., Libel and Slander, §§ 89–91; Newell, Slander and Libel [4th ed.], § 432; Seelman, Law of Libel and Slander, §§ 248A–249.)

In the partial defense asserted by way of mitigation and partial justification the defendants allege various facts which they contend show lack of actual malice in the publication. While the matter pleaded is not as broad as the libel and cannot constitute a justification, in some respects, however, it may tend to show truth and lack of malice and thus be considered as matter tending to disprove asserted damages. Accordingly, its characterization as a defense in " partial justification " may be disregarded, and the defense allowed to stand as a partial defense in mitigation of damages (*Fleckenstein* v. *Friedman*, 266 N. Y. 19, 25; *Zirn* v. *Bradley*, 270 App. Div. 829). Though some of the facts alleged may appear to be remote or immaterial, we do not construe the motion for alternative relief in regard to this defense as one to strike particular allegations or paragraphs of the defense.

The order appealed from should be reversed, with $20 costs and disbursements to the appellants, and the motion denied.

Peck, P. J., Glennon, Dore, Callahan and Van Voorhis, JJ., concur.

Order unanimously reversed with $20 costs and disbursements to the appellants and the motion denied.