Max Mencher, Plaintiff, *v.* Adolph J. Chesley, Defendant.

Supreme Court, Special Term, Kings County, December 6, 1948.

*Lyman Stansky* for plaintiff.

*James S. Brown, Jr.,* and *Ernest P. Seelman* for defendant.

WALSH, J.   Plaintiff moves herein to strike out paragraphs 3 to 25 of the answer designated as a complete defense, paragraph 26 designated as a partial defense, paragraphs 27 to 66 designated as a second partial defense in justification, and paragraphs 67 to 70 designated as a partial defense, upon the ground that the same are insufficient in law.

Prior to August 22, 1944, plaintiff was regional information executive of the Office of Price Administration in charge of the information division of the regional office having jurisdiction of the States of New York, New Jersey, Pennsylvania, Maryland, Delaware and the District of Columbia.   Defendant was chairman of the War Price Ration Board of the Borough of The Bronx.   On August 22, 1944, plaintiff issued to the press a lengthy statement to the effect that the defendant had been dismissed from his official position and setting forth the alleged grounds for the dismissal.   On the same day the defendant called together a number of reporters and press representatives and gave them his reply to these charges, Exhibit A annexed to the complaint.   The complaint sets forth two grounds of libel, first, that Exhibit A charged plaintiff with being a Communist, a member of that party and a sympathizer with its aims and ideology, and second, that it charged plaintiff with misfeasance and malfeasance in office in using his official position to secure the removal of the defendant.   The sufficiency of the complaint has been sustained by the Court of Appeals (297 N. Y. 94).   The answer, after denials putting in issue all the material allegations of the complaint except publication, pleads one complete defense and three partial defenses.   It is to these defenses that plaintiff's motion is addressed.

The first defense is pleaded as a complete defense of qualified privilege of reply.   By its allegations defendant seeks to avail himself of the privilege of replying to statements made to the press by the plaintiff charging defendant with laxity in the administration of the Bronx Ration Board, failure properly to safeguard rations currency, favoritism, and refusal to co-operate with consumer bodies in the enforcement of the Office of Price Administration program, all in his capacity as the Office of Price Administration Chief Administrative Officer in the Bronx. Defendant asserts that he has the right to repel the attack made upon him and to retort to the plaintiff as his assailant. In his defense defendant has pointed out in the statement which

contains the alleged libels the fine record of the Bronx board, his fidelity to his duties, the falsity of the charge of laxity and ration currency carelessness, and discusses the genesis, history and purpose of the charge made against him of non-co-operation with consumer groups. Defendant charges that these complaining groups were left-wing political pressure groups, seeking to use the price panel program, as they had other defense movements, for their own political advantage; that he exposed their attempts to take over the program; that they seemed to have power from the regional office; that the publicity director of that office had started the controversy and instigated the attack, had released the prior complaints of these groups to the newspapers, had presided at the meetings hostile to the Bronx administrator, and that these left-wing bodies were successful in the effort to remove him because plaintiff himself had once worked for the *Daily Worker* and had managed the political campaign of a Communist candidate for Borough President of the Bronx. In defending his own administration defendant attacked the persons who he stated had caused his removal and the political and ideological sympathy of the plaintiff with those groups who had brought about his removal. In his defense defendant laid a large part of the blame for his removal on the left-wing organizations of the Bronx and the plaintiff who had encouraged, abetted and spearheaded the attack upon him.

The pertinent authorities hold that a person subjects his own motives to discussion when he makes a public attack upon another. Legitimate self-defense is not limited to a mere denial of the charge, but it may include a proper counterattack in the forum selected by the plaintiff (*Collier* v. *Postum Cereal Co., Ltd.,* 150 App. Div. 169). There the court said at page 178: '' The important question is whether the defendant had the right to impugn the motives of its assailant, if it did so honestly without malice and for the sole purpose of repelling the assault upon it, and not with the view of injuring the plaintiff. One who makes a public attack upon another subjects his own motives to discussion. It is a contradiction in terms to say that the one attacked is privileged only to speak the truth and not to make a counter attack, or that legitimate self-defense consists only in a denial of the charge or a statement of what is claimed to be the truth respecting its subject-matter. One in self-defense is not confined to parrying the thrusts of his assailant. Of course, the counter attack must not be unrelated to the charge, but surely the motives of the one making it

are pertinent. The plaintiff selected the forum for the dispute and in that forum it would certainly tend to repel, or minimize the harmful tendency of the charges to show that the one making them was actuated by an improper motive.''

Plaintiff contends, however, that the defendant in any event went beyond his legal privilege in repelling the attack and that consequently his privilege affords him no protection. The court does not agree with plaintiff's contention. It seems that the reply made by the defendant was relevant to the issues made by plaintiff, and that the question whether the defendant went beyond his privilege is one of fact for the jury to determine, and that it cannot be disposed of as a matter of law (*Collier* v. *Postum Cereal Co., Ltd., supra*; *Preston* v. *Hobbs,* 161 App. Div. 363; *Fowler* v. *New York Herald Co.,* 184 App. Div. 608). In the latter case, the court said (p. 611): '' When, therefore, he was denounced by the plaintiff, publicly as an imposter, the defendant's natural course, not only in defense of the man for whom it had thus stood sponsor, but also in defense of itself, was to defend the Chinaman from unjust attacks and false charges, even if such defense called forth a revelation or explanation of the infirmities or peculiarities of the plaintiff. The defendant had a qualified privilege so to do. (Newell Sland. & Lib. [3d ed.], § 561, *et seq.*; Odgers Lib. & Sland. [5th ed.], 291 *et seq.*; *Ashcroft* v. *Hammond,* 197 N. Y. 488; *Hamilton* v. *Eno,* 81 id. 116; *Hill* v. *Durham House Drainage Co.,* 79 Hun 335.) Whether the defendant in its publication went beyond its legal privilege and should be charged with malice was a question of fact for the jury, both in determining defendant's liability and also in determining the amount of punitive damages which should be awarded in case liability were found.'' The first defense, therefore, should be permitted to stand.

The first partial defense interposed herein reiterates the allegations of the complete defense but pleads them in mitigation of damages. Paragraph 24 of the complete defense, which is realleged in paragraph 26 of the first partial defense, has alleged therein mitigating facts and circumstances which have been held sufficient in other cases. In *Klaw* v. *New York Press Co., Ltd.* (144 App. Div. 501) the defendant pleaded that the statements complained of were communicated to him by persons and from sources which he had theretofore found to be reliable, and which he then believed to be reliable, and that in publishing the article complained of the defendant relied upon the statements made to him and believed the said article to be true. It will be noted that this defense is practically the same as

that set forth in paragraph 24 of defendant's answer. Similar defenses were also held to be sufficient in *Wuensch* v. *Morning Journal Assn.* (4 App. Div. 110, 115) and *Barclay* v. *Culbertson* (243 App. Div. 95). The first partial defense is, therefore, sufficient.

As to the second partial defense of justification, defendant asserts that this defense is intended to apply only to the charge of malfeasance or misfeasance in office. In such respect it is as broad as the charge and should be permitted to stand. The rule that the justification must be as broad as the charge is satisfied if the justification of any one distinct libel is as broad as the charge which constitutes that libel (*Lanpher* v. *Clark,* 149 N. Y. 472).

The third and partial defense of fair comment pleaded in mitigation of damages appears to be insufficient. This defense does not attempt to allege that the charge of malfeasance and misfeasance in public office by plaintiff was fair comment. It is pleaded as a partial defense with respect to the other alleged libelous statements contained in plaintiff's Exhibit A to the effect that plaintiff was a Communist or had communisitic affiliations. In *Foley* v. *Press Publishing Co.* (226 App. Div. 535) the court discusses at length the defense of fair comment and sets forth the basic essentials of such a defense. There the court states at page 544: " In order that defeasible immunity may attach to a publication purporting to be fair comment on a subject of public interest, it must be (1) a comment, (2) based on facts truly stated, (3) free from imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticised, save in so far as such imputations are warranted by the facts truly stated, and (4) the honest expression of the writer's real opinion. (Gatley Libel & Slander, 371, 379; Bower Defamation, 114–117.) "

It will be observed that the comments or criticism made by the defendant in the present case are not based upon facts truly stated. This is borne out by the construction given to the complaint by the Court of Appeals. The court states (297 N. Y. 94, 101): " Defendant's statement about plaintiff consists not of any comment or criticism based upon facts accurately stated but of unequivocal and bald allegations of fact which the complaint stamps as false. Consequently, no question of fair comment is here involved. (See *Hoeppner* v. *Dunkirk Printing Co.,* 254 N. Y. 95, 105, 106; *Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers,* 260 N. Y. 106, 118; *Kaminsky* v. *American-Newspapers, Inc.* [283 N. Y. 748],

*supra.)''* Accordingly, the third and partial defense should be stricken out. Plaintiff's motion to strike out the defenses is granted as to the third and partial defense, but otherwise denied.

Settle order.