JOHN P. CRANE, Plaintiff, v. NEW YORK WORLD TELEGRAM CORP. et al., Defendants.

Supreme Court, Special Term, Queens County, December 2, 1952.

*Bannigan & Zirin* for plaintiff.

*De Witt, Van Aken & Nast* for defendants.

CONROY, J. In this action for libel plaintiff moves for an order striking out the first and second defenses on the ground that they are insufficient in law or, in the alternative, striking them as irrelevant and prejudicial. The first defense is alleged as a complete defense; the second, as a partial defense.

The libel complained of here consisted of defendants' publishing of the plaintiff that he was " now under indictment " when, in fact, plaintiff has never been indicted.

The first defense is intended, according to defendants' brief, to be that of justification. Nowhere in said defense, however, is it alleged that plaintiff was ever indicted. Defendants claim, neverthless, that the word " indictment " may in a broad sense mean accusation, and in this defense they have alleged that plaintiff " was under accusation and indictment of " several " indictable criminal offenses * * * by accusation and indictment of " a former Mayor of the City of New York, a fellow fireman and plaintiff's own testimony before the Kefauver committee. This argument is specious at best.

Words are to be taken in their ordinary and usual meaning. As generally understood the word " indictment " means an accusation by a grand jury that a person has committed a crime. If defendants meant merely that plaintiff had been accused of criminal conduct by various private individuals, they should have so qualified the statement. The word " indictment " is rarely used apart from a charge by a grand jury. On the infrequent occasions when it is used in a loose rhetorical sense, qualifying words are needed to indicate such meaning, as in the phrase " indicted in the court of public opinion ". In the absence of such qualifying words reasonable people interpret the word in only one sense, namely, as a charge by a grand jury of the commission of a crime.

The cases cited by the defendants are readily distinguishable. For the most part the language under consideration in those cases was not so unequivocal as that involved here. Unlike *Fleckenstein* v. *Friedman* (266 N. Y. 19), the facts alleged here do not, as claimed by the defendants, " mean the same thing " as the word " indictment ". The fact is that plaintiff has never

been indicted. Nor does the case of *Saenz* v. *New York Tribune* (160 Misc. 565) help the defendants. There, in a news item datelined Havana, Cuba, defendants stated that plaintiff had been indicted. Their defense was that he had been indicted in accordance with Cuban law, which apparently permitted indictments to be found by a judge instead of by a grand jury. The court held that the word "indictment" when used in a story bearing a foreign dateline could include not only an accusation of crime by a grand jury, but also an accusation of crime by whatever authority constituted, in such foreign place, the counterpart of our grand jury. Implicit in the decision was the requirement that the indictment be found by constituted authority in accordance with the legal procedure of the place of origin of the story. Plaintiff claims no more here. The defamatory article was published in a New York paper with no out of town dateline, and the natural inference was that plaintiff had been accused of a crime in accordance with the legal procedure which obtains in New York.

Since defendants do not allege any facts showing that plaintiff was ever indicted, it follows that the first defense is insufficient.

For like reasons the partial defense is also insufficient. This defense is based on defendants' claim that they should be permitted to show that if plaintiff was not indicted, he should have been. In support of this theory defendants quote from *Fleckenstein* v. *Friedman* (266 N. Y. 19, 24, *supra*) as follows: "Whatever the older cases may have said, there is no doubt now that facts tending but failing to prove the truth of any distinct charge are relevant as bearing on the amount of compensatory damages to be awarded by the jury. (*Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474; *Lanpher* v. *Clark*, 149 N. Y. 472.) "

The fallacy in defendants' argument is that the facts which they allege do not tend to prove the truth of the defamatory article. They do not even remotely suggest that plaintiff has ever been indicted. Many of them recite the derelictions of fellow members of the fire department with respect to fuel oil permits, but it is not alleged that plaintiff was in any way connected with such wrongdoing. Other allegations are conclusory and most of them are irrelevant. They are all prejudicial to the plaintiff and would be inadmissible in evidence. (*Theodore* v. *Daily Mirror*, 282 N. Y. 345, 347.)

The rule with respect to justification is clearly stated in Corpus Juris Secundum (Vol. 53, Libel and Slander, § 137, p. 225) as follows: " However, in order to constitute justification, the

precise charge must be justified, and it is not sufficient to establish the truth of another charge, although of the same general nature, and although distinct only as to subject matter or time and place.''

The rule is the same with respect to facts which tend but fail '' to prove the truth of any distinct charge '' in mitigation of damages. (*Fleckenstein* v. *Friedman, supra,* p. 24.)

Thus in *Levey* v. *New York Evening Journal* (237 App. Div. 255), the libel charged the plaintiff with a crime and arrest by the District Attorney's office. A defense showing that plaintiff was being investigated not by the District Attorney, but by the Attorney-General, and that instead of being arrested he had appeared voluntarily for examination, was held to be insufficient either as a complete or as a partial defense, the court saying at page 257: '' It is difficult to see how there would be any partial justification or mitigating circumstances shown from the fact that the plaintiff was merely investigated by the Attorney-General. These partial defenses do not tend in some appreciable degree towards proving the truth of the charge in the libel.''

In that same case the court further held that communication to the defendant by trustworthy persons and defendant's belief in the truth of the facts communicated, respecting the Attorney-General's investigation, was no defense since it did not meet the libel. Said the court at page 258: '' What defense is it for the defendant to have relied upon information that plaintiff was being investigated merely by the Attorney-General to say that he had in fact been investigated and arrested by the district attorney? '' The analogy to the case at bar is apparent.

The motion to strike out both defenses as insufficient in law is granted.

Plaintiff's further request for judgment on the pleadings cannot be granted, however, since plaintiff has alleged that defendants were actuated by actual malice, which allegation is denied in the answer.

The malice which the law will infer from the falsity of a defamatory publication is to be distinguished from actual ill will. Implied malice, also known as constructive malice or malice in law, denotes merely the absence of legal excuse or privilege. Actual malice, sometimes described as express malice or malice in fact, implies the desire to injure or indicates that the party was actuated by spite or ill will. (See 53 C. J. S., Libel and Slander, § 2, pp. 35–36; § 75, pp. 125–126.) It is the

latter type of malice which plaintiff has alleged here and defendants' denial thereof raises an issue of fact which requires a denial of the motion for judgment on the pleadings. (*Stevenson v. News Syndicate Co.*, 302 N. Y. 81, 87.)

Submit order accordingly.