(November 30, 1953.)

■

JOHN P. CRANE, Respondent, v. NEW YORK WORLD-TELEGRAM CORP. et al., Appellants.— In an action for libel, based upon the defendants' publishing of plaintiff that he was "now under indictment", when in fact he had never been indicted by a grand jury, defendants appeal from so much of an order as strikes out, pursuant to rules 103 and 109 of the Rules of Civil Practice, the complete and partial defenses alleged in their amended answer. The complete defense pleads justification, in that plaintiff was under "indictment", in the lay sense of the word, since he had been accused of various crimes by different individuals and was in fact guilty of larceny, bribery and perjury. The partial defense repeats the allegations of the complete defense, states that the facts theretofore alleged were widely published and known to defendants and relied on by them, and alleges that plaintiff's general reputation was bad. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion to strike out the defenses denied, with $10 costs. "Indictment" has

both the technical, legal meaning of an accusation by a grand jury, and of an accusation generally. Where a publication has two meanings, it is for a jury to say which of the meanings would be attributed to it by those to whom it is addressed or by whom it may be read; and the mere improbability of the meaning claimed for it by defendants would not control the question of the jury's right to pass upon it. (*Washington Post Co.* v. *Chaloner,* 250 U. S. 290, 293; *Demos* v. *New York Evening Journal Pub. Co.,* 210 N. Y. 13, 18-19.) Since the meaning for which defendants contend is permissible of acceptance by a jury, the defense as a matter of pleading is as broad as the publication of which plaintiff complains. (*Foley* v. *Press Pub. Co.,* 226 App. Div. 535, 541; *Finkle* v. *Westchester Newspapers,* 235 App. Div. 817; *Baumann* v. *Newspaper Enterprises,* 270 App. Div. 825; cf. *Fleckenstein* v.*'Friedman,* 266 N. Y. 19, 23.) We are also of the opinion that, regardless of the sufficiency of the complete defense, the partial defense was sufficient as a pleading of facts in reduction or mitigation of damages. The allegations that plaintiff had been accused, and was guilty, of crimes tend, even though they may fail, to prove the truth of the charge. (Cf. *Fleckenstein* v. *Friedman, supra; Goodrow* v. *Malone Tel.,* 235 App. Div. 3, and *Groff* v. *Daily Review Corp.,* 246 App. Div. 736.) While certain allegations of the defenses may be objectionable, in that they do not refer to plaintiff, his motion was addressed to the defenses in their entirety and not to any specific allegations thereof. (Cf. *Meyers* v. *Huschle Bros.,* 274 App. Div. 80, 83.) Plaintiff, however, can be protected at the trial by proper objections to the proof of the objectionable matter embraced in the defenses. (Cf. *Klaw* v. *New York Press Co.,* 144 App. Div. 501, 503.) Nolan, P. J., Adel, Schmidt and Beldock, JJ., concur; Wenzel, J., concurs as to the partial defense but dissents as to the complete defense and, as to such defense, votes to affirm the order, with the following memorandum: Webster's Collegiate Dictionary [5th ed.] defines the word "indictment" as: "1. Act or process, esp. the legal process, of indicting; state of being indicted." The words used in the publication complained of were "under indictment." In newspaper parlance and by common usage, these words, unmodified by explanatory verbiage, connote the dictionary definition "the legal process of being indicted." Here the article leaves no doubt as to the meaning sought to be conveyed, for the entire sentence containing the said word is "John Crane  *  *  *  now under indictment, isn't waiting for his own legal developments." Much depends on where, when, and how, and by whom, the words are used, and the test is not the undisclosed interpretation of the author but "whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced." (*Fleckenstein* v. *Friedman,* 266 N. Y. 19, 23.) [203 Misc. 916.] [See 283 App. Div. 670.]