HENRY F. XAVIER, Respondent and Appellant, *v.* JOHN W. OLIVER and THE YONKERS PUBLISHING COMPANY, Appellants and Respondents.

*Libel* — *the publication by the plaintiff of irritating matter concerning defendant* — *it is not a defense* — *it goes in mitigation of damage.*

The justification, in an action for libel, must be as broad as the charges, and the fact that the plaintiff in the action published some irritating matter concerning the defendant, or his newspaper, does not, as a matter of law, justify the defendant in publishing a libel concerning the plaintiff. Such fact is, however, properly pleaded in mitigation of damages.

CROSS-APPEALS by the plaintiff, Henry F. Xavier, and by the defendants, John W. Oliver and another, from an interlocutory

judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 1st day of April, 1902, upon the decision of the court, rendered after a trial at the Westchester Special Term, overruling a demurrer to the separate and partial defense, and sustaining a demurrer to the separate and second defense contained in the defendants' answer.

*Roger M. Sherman,* for the plaintiff.

*James M. Hunt,* for the defendants.

WOODWARD, J. :

This is an action for libel. The plaintiff states a cause of action, and the defendants have answered, setting up a defense and a separate and partial defense. To both of these the plaintiff interposes a demurrer. The learned court at Special Term holds, and properly, we believe, that the matter pleaded as a defense does not in law constitute a defense to the action. The same matter is pleaded as a partial defense, and the court holds that this does contain facts which may be proved in mitigation of damages under the provisions of section 536 of the Code of Civil Procedure, and overruled the demurrer to the partial defense. Both parties appeal from the interlocutory judgment, the plaintiff urging that both demurrers should have been sustained, the defendants that neither of them should receive the sanction of the court.

The justification in an action for libel must be as broad as the charges ( *Young* v. *Fox,* 26 App. Div. 261, 267, and authority there cited), and the fact that the plaintiff in this action, who is alleged to have written and published of the defendant or his newspaper some irritating matters, does not, as a matter of law, justify the defendants in publishing a libel concerning the plaintiff. It is, however, proper that these matters should, if pleaded, be placed before the jury in mitigation of damages. (Code Civ. Proc. § 536.) The defendants have pleaded the facts surrounding the publication of the alleged libel in mitigation of damages, and they are entitled to an opportunity to prove them upon the trial.

The interlocutory judgment appealed from should be affirmed.

GOODRICH, P. J., BARTLETT and HIRSCHBERG, JJ., concurred.

Interlocutory judgment affirmed, without costs.