(140 App. Div. 311.)

KELLER v. AMERICAN BOTTLERS' PUB. CO. et al

(Supreme Court, Appellate Division, First Department.   October 21, 1910.)

1. LIBEL AND SLANDER (§ 63*)—MITIGATION—PROVOCATION.

A defendant in an action for libel may prove that the libel was provoked by plaintiff's prior libel; but to do so it must first appear that the libel complained of is immediately provoked by the prior libel, or so closely connected with it as to be some justification for it; and where plaintiff's publications were made from time to time for several years, up to nearly three months before the libel complained of, and none of them was in any way connected with the libel complained of, the publications furnished no provocation, and could not be considered in determining the damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 164, 318; Dec. Dig. § 63.*]

2. LIBEL AND SLANDER (§ 111*)—EVIDENCE IN MITIGATION—ADMISSIBILITY.

In an action against a newspaper for a libel, based on a communication of an advertiser in the newspaper, printed as a paid advertisement, a prior article in plaintiff's newspaper, libeling the advertiser, is inadmissible.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 111.*]

3. LIBEL AND SLANDER (§ 59*)—MITIGATION—DAMAGES.

Under Code Civ. Proc. §§ 535, 536, permitting a defendant in an action for libel to prove mitigating circumstances, etc., a defendant may prove mitigating circumstances to enable the jury to determine the actual damages sustained, but not to reduce such damages when once ascertained; and the jury must consider the evidence as to mitigation with the other evidence, and determine therefrom the actual damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 159; Dec. Dig. § 59.*]

4. LIBEL AND SLANDER (§ 113*)—DAMAGES.

Where a libel is not justified, plaintiff may recover his actual damages, and such damages cannot be mitigated.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 342; Dec. Dig. § 113.*]

5. LIBEL AND SLANDER (§ 55*)—JUSTIFICATION.

Where some of the things said of plaintiff, suing for libel, are shown to be true, their truth, if establishing misconduct, must be allowed to affect the amount of the damages which, otherwise, the jury would award.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 333; Dec. Dig. § 55.*]

6. TRIAL (§ 296*)—INSTRUCTIONS—ERROR CURED BY OTHER INSTRUCTION.

Where, in an action for libel, based on a newspaper article containing several distinct libels, there were no mitigating circumstances proved, the error, if any, in a charge that plaintiff was entitled to the damages actually sustained, and that nothing which defendant could show could reduce them, was cured by a charge that a partial justification of the libelous article might be considered by the jury in mitigation, so far as defendant proved the article true, which charge was more favorable to defendant than he was entitled to.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 296.*]

7. CORPORATIONS (§ 336*)—NEWSPAPER LIBEL—LIABILITY.

Where the managers of a newspaper published by a corporation knew that a libelous article was to be published, and they took no steps to pre-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vent the publication, though they had power to do so, they were liable for the publication.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1454; Dec. Dig. § 336.*]

**8. LIBEL AND SLANDER (§ 112*)—NEWSPAPER LIBEL—LIABILITY.**

In an action for a newspaper libel, evidence *held* to show that a person was connected with the publication, so that he was personally liable therefor.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 112.*]

Appeal from Trial Term, New York County.

Action by William B. Keller against the American Bottlers' Publishing Company and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and DOWLING, JJ.

Clarence J. Shearn, for appellants.

B. F. Einstein, for respondent.

McLAUGHLIN, J. Action to recover damages for an alleged libel. The plaintiff is the editor and manager of a trade paper called the National Bottlers' Gazette. The defendant corporation publishes a rival paper, known as the American Bottler, and the libel complained of appeared in this paper on March 15, 1907. On the 5th of February preceding the plaintiff had published an article in his paper warning persons engaged in the bottling trade of the dangers incurred under the national pure food law in using preparations not correctly labeled, and citing as an instance a preparation made by a Texas corporation, which, it seems, was an advertiser in the American Bottler. It also appeared that the plaintiff had previously published in his paper a series of articles attacking the American Bottler and the persons connected with it; and its editor, after the February article appeared, offered its columns to the Texas company for a reply to the same. This reply was printed as a paid advertisement, in the form of a letter from the Texas company to its customers, and is the libel complained of. Upon the trial the plaintiff had a verdict for $3,000, and from the judgment entered thereon, and an order denying a motion for a new trial, the defendants appeal.

The principal questions presented by the appeal are (1) rulings on the admissibility of certain evidence; and (2) the correctness of a portion of the charge to the jury. During the course of the trial the defendants offered in evidence a number of extracts from the plaintiff's paper, each of which, it is claimed, was a libel on the defendants. These extracts were excluded, and an exception taken to the rulings. I think the rulings were right. So far as the articles referred to related to the defendants, the last one had been published on the 22d of December, 1906, nearly three months before the publication of the libel in question. In an action to recover damages for a libel, the defendant is doubtless entitled to prove, if he can, that the libel was provoked by plaintiff's libel. Gressman v. Morning Journal Ass'n, 197 N. Y. 474, 90 N. E. 1131; Hamilton v. Eno, 81 N. Y.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

116; Xavier v. Oliver, 80 App. Div. 292, 80 N. Y. Supp. 225. The rule in such case is analogous to one to recover damages for an assault; but to entitle such evidence to be admitted it must first appear that the libel in question is immediately provoked by the prior libel, or so closely connected with it as to be some justification for it. Richardson v. Northrup, 56 Barb. 105. Here the publications sought to be introduced were published, many of them, several years before, and the last one, as we have seen, nearly three months before, the libel in question, and none of them were in any way connected with it. That being so, they furnished no provocation for the libel complained of, and could not properly be considered in determining the damage.

So far as the articles related to persons other than the defendants, they were, obviously, inadmissible. But it is urged that the exclusion of the article referring to the Texas company, which it is claimed provoked the libel, was error. As a matter of fact the plaintiff himself had put this article in evidence as a part of his case, and if he had not done so, and the action had been against the Texas company, it may be that it would have been entitled to put it in evidence; but this action was not against the Texas company, and I am unable to see how the fact that the plaintiff may have libeled that company furnished any justification or provocation for the defendants to libel the plaintiff in their paper. None of the authorities cited by the appellants sustains such a rule. In Cassidy v. Brooklyn Daily Eagle, 138 N. Y. 239, 33 N. E. 1038, what was said in the charge, according to appellants' own statement, was simply that, where one man attacks another in a newspaper, which prints a reply from the person attacked, and then sues the newspaper for a libel contained in the reply, the newspaper has the same defense of privilege as the individual making the reply. But that is not this case, nor has the authority any application. It is rather a novel proposition that, because the plaintiff had libeled a third person in his paper, that fact justified or mitigated the defendants' misconduct in libeling the plaintiff.

The court charged the jury that the plaintiff was entitled to compensatory damages—that is, the damages actually sustained—and that nothing which the defendants could show could reduce or mitigate them. There seems to be some confusion, due, doubtless, to the use in the statute of the words "mitigating" and "mitigate" (Code Civ. Proc. §§ 535, 536), as to whether the actual damage sustained by reason of a libel can be reduced or mitigated. The statute permits a defendant to prove, in an action for libel, "mitigating circumstances." This is for the purpose of enabling the jury to determine the actual damage suffered, and not for the purpose of reducing or mitigating such actual damage, when once ascertained. The jury must consider the evidence as to mitigating circumstances with the other evidence, and after such consideration determine the actual damage sustained by the plaintiff. Once that damage has been found, it cannot be reduced or mitigated. Here there were no mitigating circumstances for the jury to consider, and the charge, if erroneous, was subsequently cured. For the reasons already stated, the evidence offered by the defendants to show provocation was properly excluded, and

there was no evidence of this kind before the jury. The only other defense was justification, and it has been held by this court that:

"If the publication is not justified, the plaintiff is entitled to recover his actual or compensatory damages in any event. There can be no mitigation of this kind of damages." Wuensch v. Morning Journal Ass'n, 4 App. Div. 110, 38 N. Y. Supp. 605; Young v. Fox, 26 App. Div. 261, 49 N. Y. Supp. 634.

It is true, as pointed out in Gressman v. Morning Journal Ass'n, supra, that:

"If some of the things said of the plaintiff were shown to be true, their truth, if establishing misconduct, should be allowed to affect the amount of the damages, which, otherwise, the jurors would be minded to award."

It is an inapt and incorrect expression to say actual damages may be mitigated by proving part of an article true, because whatever truth there may be in a libel does not, in a legal sense, damage the plaintiff, and it is for this reason that it is always proper for a jury to consider that portion of the article which is true, for the purpose of determining what the actual damage is. But this was made plain to the jury when the defendants' counsel requested the court to charge:

"That even a partial justification of the alleged libelous article may be considered by the jury in mitigation of damages."

To which the court responded:

"Yes; I so charge. In so far as the defendants have proved this article true, you may consider it."

Inasmuch as the article contained several distinct libels, this instruction was broader and more favorable to the defendants than it should have been under the rule laid down in the Gressman Case. There the court was requested to charge that:

"In reduction of compensatory damages the jury may consider each and every statement in the article which is proved to be true."

This request was refused, the trial judge stating that:

"Compensatory damages can never be reduced, if the defendant's liability be fixed."

As already indicated, the Court of Appeals held that the jury might properly consider how far the truth of portions of a libelous article reduced the damages which otherwise would have resulted from the libel. But it also held that, since the libelous article contained at least two distinct libels, the truth of one of which would not affect the damages sustained as the result of the other, the request to charge was too broad, and was properly refused; the judgment in favor of the plaintiff being affirmed. Under this authority the instructions to the jury on the subject of damages were more favorable than the defendants were entitled to, and the charge in this respect does not present reversible error.

There are two other questions which require consideration. The court refused to charge:

"That the jury may not render a verdict against the defendants Ludorff and Schoder, unless they find that these defendants knew of the publication before it was published in the American Bottler, and took some active part in having it published therein."

This request was too broad, and was properly refused. The court did charge that the jury must find that these defendants were the managers of the newspaper, and if they knew that the article was to be published, and took no steps to prevent its publication, having the power to do so, they should be held responsible.

It is also claimed there was no evidence connecting the defendant Ludorff with the publication, and that the motion to dismiss the complaint as to him should have been granted. The evidence is rather unsatisfactory; but it did appear that he was an officer of the defendant corporation, and had brought an action against the plaintiff, in which he alleged, in his complaint, that he was one of the managers of the paper. This was some evidence connecting him with the publication, and, in view of the fact that he was present at the trial and did not contradict such evidence, justified the verdict of the jury against him.

I am of the opinion the judgment and order appealed from are right, and should therefore be affirmed, with costs. All concur.