■ RAYBOY CARWASH ENTERPRISES, INC., Appellant-Respondent, v. KISMET REALTY CORP., Respondent-Appellant.— Plaintiff and defendant entered into a lease pursuant to which defendant as landlord agreed to construct a building for plaintiff as therein set forth. The action seeks specific performance of that agreement. The complaint was dismissed by the trial court on the ground that it would not entertain an action for specific performance of a construction contract. Plaintiff appeals from the judgment entered thereon, and defendant appeals from an order entered after a hearing settling the case on appeal, insofar as it disallowed defendant's proposed amendments to said case. Judgment, and order insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Murphy, Ughetta and Hallinan, JJ.; Kleinfeld, J., not voting.

■ WALTER R. SAMUELS, Appellant, v. WILLIAM KURLAND et al., Respondents.— In an action by the purchaser to compel the specific performance of a contract for the sale of real property, the appeal is from so much of an order as grants summary judgment dismissing the complaint, and from the judgment entered thereon. The contract provides that it may not be modified or changed orally and that time is of the essence as to the performance of each and every term. Appellant contends that the time of payment was extended by oral agreement between him and the respondents' attorney. Order, insofar as appeal is taken, and judgment unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [6 Misc 2d 814.]

■ CHARLES J. STEINBERG, Respondent, v. NEWSPAPER ENTERPRISES, INC., Appellant.— In an action to recover damages for libel, the appeals are (1) from an order which on reargument adhered to the original decision striking out the first partial defense contained in the amended answer and (2) from an order which on reargument adhered to the original decision modifying appellant's notice to examine respondent before trial. The alleged libel was contained in an article accusing respondent of complicity in a conspiracy to transport $185,000 in stolen jewelry from Miami to New York in 1935. Respondent is described in the article as "a disbarred lawyer", which fact is not disputed. The defense which was struck out, and the part of the notice to examine which was not allowed, relate to respondent's disbarment. Orders affirmed, with $10 costs and disbursements. The statement that respondent is a disbarred lawyer is not claimed in the complaint to be libelous, and respondent seeks no recovery because of its publication. The partial defense which asserts that this statement is true is therefore insufficient, and examination of respondent to prove the truth of the statement was properly disallowed. In any event, since there is no dispute as to the truth of the statement, examination with respect thereto is not necessary. (Cf. *Abell* v. *Cornwall Ind. Corp.*, 241 N. Y. 327; *Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474; *Crane* v. *New York World Tel. Corp.*, 308 N. Y. 470.) Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

## (December 16, 1957)

■ CONKLIN YARDS, INC., Appellant, v. ELMER W. SAUERBACHER, Respondent.— Appeal from an order denying appellant's motion for an order directing the respondent's attorney to disclose respondent's present address. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.