John W. Sweeny, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment declaring respondents’ action terminating his employment without a hearing illegal.
Petitioner is a 72-year-old psychiatrist (title — Psychiatrist ID employed at the Fishkill Correctional Facility since November, 1973. By letter dated March 26, 1975, the New York Department of Civil Service approved petitioner’s retention in service in his present position until March 31, 1976, based on (1) the prior approval of the head of petitioner’s department, (2) a medical board’s finding that he was physically fit to perform the duties of his position, and (3) the finding by the Civil Service Commission that petitioner’s continuance in service would be advantageous because of his expert knowl *81 edge and special qualifications (Retirement and Social Security Law, § 70, subd c).
According to the Civil Service Commission, petitioner is classified as a permanent employee, although respondents question this classification.
One administrative record sheet of the Department of Correction lists petitioner as a "temporary” employee. However, no argument has been offered to this court which indicates that the opinion of the Civil Service Department regarding petitioner’s permanent status is not correct.
Proceeding then on the assumption that petitioner is a permanent employee, we are faced with the conflicting language between the last sentence of subdivision c of section § 70 which provides that: "The service of any such member may, however, be terminated at any time by the head of the department in which he is employed, upon sixty days written notice to such member”, and the notice and hearing provisions of subdivision 2 of section 75 of the Civil Service Law.
There can be little question regarding the intention of the Legislature when it amended section 70 of the Retirement and Social Security Law to add this last sentence contained therein. The purpose of chapter 860 of the laws of 1960 is spelled out in the legislative memorandum of the State Pension Commission (NY Legis Ann, 1960, p 79) which reads in part:
"1. The purpose of this bill is to provide express statutory authority for an appointing officer to terminate the services of a member whose employment is continued after age seventy, without the necessity for a disciplinary proceeding.”
"2. Thus the law is designed for the benefit of the government and not for the purpose of conferring a reward, favor or privilege on an employee. Consequently, there is no sound reason why an employee who is continued in service after age seventy should have tenure rights.”
"3. It sometimes happens that a member who is continued in service after age seventy under Section 70(c) becomes physically or mentally unfit for continued employment and unable to carry on his duties satisfactorily.” And
"4. Also, it sometimes happens that an appointing officer finds a qualified person to replace an employee who is continuing in service after age seventy; but if such replacement cannot be made within a reasonable period, it is possible and *82 even probable that such person will accept employment elsewhere and no one will be available to take over the job when the term of extension expires. In situations such as this, the present law also operates to achieve a result which is inconsistent with the best interests of the public service.”
It is apparent that the very purpose of the enactment is to give a head of department absolute authority to dismiss such an employee without the benefit of the hearing provided by section 75 of the Civil Service Law.
This court finds the rationale of the commission report to be untenable. It must be conceded that it "sometimes” happens that a person after age 70 may become physically or mentally unfit for continued employment. However, it does not necessarily follow, as a rational basis for the statute, that all or a substantial number of persons in that class will become physically or mentally unfit, for the relationship between chronological age and functional age varies greatly from one individual to the next. (Murgia v Commonwealth of Massachusetts Bd. of Retirement, 376 F Supp 753).
By analogy, it sometimes happens that the conduct of a person under age 70 may be such that they should be dismissed from their employment.
What rational basis is there to afford a hearing to this second class of persons and not to those who have reached age 70? While it might be harsh in a particular case to remove a person through the mechanics of a disciplinary proceeding, it is also harsh and a deprivation of a person’s constitutional right to property and due process to vest such absolute discretion over the livelihood of an individual in the hands of an employee’s department head whose action tacitly stigmatizes that individual (cf. Board of Regents v Roth, 408 US 564, 576-577).
This court believes that to permit a department head, who will most likely be a layman, to determine that a person is physically or mentally unfit is an invitation to unbridled arbitrariness. The statute as written in effect authorizes summary dismissal from public employment without a hearing or inquiry required by due process (Connell v Higginbotham, 403 US 207, 208).
The court notes that we are not dealing with a situation similar to that in Board of Regents v Roth (supra), where a person had not been rehired, but an unabased summary dismissal from existing employment.
*83 The respondent has broad powers in the selection and discharge of its employees, and it may be that an inquiry might show petitioner’s continued employment to be inconsistent with the best interest of the respondent. But there has been no such inquiry and petitioner is being discharged in violation of his constitutional right to due process (Slochower v Board of Educ., 350 US 551, 558-559).
The last sentence of subdivision c of section 70 of the Retirement and Social Security Law permits a patently arbitrary act without the right to a hearing. It is intended to and does deprive a class of public servants of their right to a constitutionally protected hearing, and as such must be and hereby is declared to be unconstitutional.
Accordingly, the petition is granted and the actions of the respondent in attempting to terminate petitioner’s employment are hereby declared to be of no force and effect.