■ JOSEPH NURENBERG, Respondent, v BENJAMIN WARD, as Commissioner of the New York State Department of Correctional Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to review appellants' determination, made pursuant to subdivision c of section

70 of the Retirement and Social Security Law, to terminate petitioner's employment and to declare the said section unconstitutional, the appeal is from a judgment of the Supreme Court, Dutchess County, dated November 18, 1975, which granted the petition and declared that the last sentence of subdivision c of section 70 of the Retirement and Social Security Law is unconstitutional. Judgment reversed, on the law, the last sentence of subdivision c of section 70 of the Retirement and Social Security Law is declared to be constitutional, and the petition is otherwise dismissed on the merits, without costs or disbursements. No questions of fact were presented by this appeal. Petitioner, a licensed psychiatrist, was employed in his professional capacity at a State facility and had acquired tenure. Pursuant to subdivision c of section 70 of the Retirement and Social Security Law, when petitioner reached the mandatory retirement age of 70 years, his continuance in service was approved by the Civil Service Commission. However, prior to the end of the continuance period, petitioner was notified of the intention to terminate his employment in accordance with the last sentence of subdivision c of section 70 which reads: "The service of any such member may, however, be terminated at any time by the head of the department in which he is employed, upon sixty days written notice to such member." Petitioner urges that this provision, insofar as it authorizes termination of his employment at will, based upon his having attained the age of 70 years, is unconstitutional. We do not agree. There being a valid State objective in maintaining the quality of performance of State employees, and there being a general relationship between advancing age and decreasing ability to respond to the demands of a job, it must be concluded that the challenged classification of persons who have attained the age of 70 years does not violate the equal protection guarantee (cf. *Murgia v Massachusetts Bd. of Retirement,* 376 F Supp 753, 386 F Supp 179, affd 421 US 972). Nor do we find that there has been an interference with liberty and property of such a nature as would cause us to invoke the requirements of procedural due process (see *Board of Regents v Roth,* 408 US 564). We have examined petitioner's remaining contentions and find them to be without merit. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur. [84 Misc 2d 80.]