In the Matter of JOSEPH R. MARRO, Respondent, v RICHARD J. BARTLETT, as State Administrator of the Administrative Board of the Judicial Conference, et al., Appellants.

Third Department, April 6, 1978

### APPEARANCES OF COUNSEL

*Michael R. Juviler (Michael Colodner* and *John Eiseman* of counsel), for appellants.

*Julien & Schlesinger, P. C. (Alfred S. Julien* and *Stuart A. Schlesinger* of counsel), for respondent.

### OPINION OF THE COURT

LARKIN, J.

Joseph R. Marro, the petitioner herein, took office as a Supreme Court Justice on January 1, 1974 and retired on December 31, 1977, having reached the age of 70 during 1977 (NY Const, art VI, § 25). A retired Justice may apply to continue as a retired Justice for a period of two years (NY Const, art VI, § 25, subd b; Judiciary Law, § 115). Justice Marro made application, but, before so doing, was informally advised by appellant Bartlett, the State Administrative Judge, that the appellant State Administrative Board had received negative recommendations regarding his certification and that his having been a Supreme Court Justice for less than five years would weigh heavily against approval of his application.

After filing his application, Justice Marro requested a hearing, with counsel, before the Administrative Board. The request was denied and subsequently so was his request for certification. By a CPLR article 78 proceeding Justice Marro sought a direction that the board certify him. Special Term found that article VI (§ 25, subd b) of the State Constitution and section 115 of the Judiciary Law created a right in such Judges to continue in office provided that there was no physical or mental disability in the application and there was a need for Judges in general. Special Term found no basis for allowing the board to exercise any discretion in, or to formulate standards for, certification. Assuming the need for Judges

in general, the court decided that, absent physical or mental disability, Justice MARRO was entitled to certification and so ordered. From that judgment this appeal ensued.

■ Appellants urge that discretion rests in the Administrative Board with respect to certification of retired Justices, that the board need not state its reasons for exercising that discretion and that an applicant is not entitled to a hearing before the board. Although the petitioner raises many questions, the primary issue is the discretion, if any, resting with the board to certify individual applicants.

Article VI (§ 25, subd b) of the State Constitution provides, in part: "Each such former judge of the court of appeals and justice of the supreme court may thereafter perform the duties of a justice of the supreme court, with power to hear and determine actions and proceedings, provided, however, that it shall be certificated in the manner provided by law that the services of such judge or justice are necessary to expedite the business of the court". Subdivision 1 of section 115 of the Judiciary Law provides, in part: "Any justice of the supreme Court * * * may, upon his application, be certified by the administrative board * * * upon findings (a) that he has the mental and physical capacity * * * and (b) that *his services are necessary* to expedite the business of the supreme court." (Emphasis supplied.)

Giving these sections their plain meaning, discretionary authority is delegated to the board. It must be found that the services of each applicant Judge are necessary to expedite the business of the court before he can be certified. Section 115 of the Judiciary Law provides that a Judge "may" be certified by the board. It does not state the Judge "shall" be certified. The ordinary meaning of the word "may" is permissive *(People v Carroll,* 3 NY2d 686). To hold, as did Special Term, that a Supreme Court Judge reaching age 70 would have a "right" to remain on the Bench provided he passed a physical and mental examination every two years and provided there existed a general need for Judges would strain and thwart the plain meaning and intent of the constitutional and statutory provisions in question.

The board set forth certain criteria to be used in the certification process of Justices of the Supreme Court. It resolved, *inter alia,* that: "the Administrative Board, in the exercise of discretion vested in it by Section 114 and Section 115 of the Judiciary Law, will consider the nature and extent

of prior judicial service as most important factors in passing upon applications for certification \* \* \* where the applicant has less than five (5) years of prior service in the Court of Appeals or Supreme Court." (Resolution of the Board, dated February 1, 1969.) The board further directed the State Administrative Judge that in preparing recommendations for certification he shall: "obtain the reports and recommendations of the appropriate Appellate Division and administrative judges with respect to need and competency as to each judge whose certification is under consideration \* \* \*. With respect to the requirement of judicial necessity, the State Administrative Judge shall make his recommendation based on reports of the appropriate administrative judges involving objective criteria, such as caseloads, vacancies, and the productivity and present ability of the judge; reference should also be made to the Resolution of the Administrative Board, effective February 1, 1969, regarding weight to be given to judicial experience. In determining judicial necessity, consideration also shall be given to the availability of physical facilities, budget for supportive staff, and related resources necessary for full utilization of the judge's services." (Resolution of the Board, dated July 3, 1975.)

Appellant Bartlett avers that these directions were followed in regard to the Judges, including Justice Marro, who applied for certification and, based on all the factors, three Justices, including Justice Marro, were denied certification by the board. As to Justice Marro, each Administrative Judge recommended that he not be certified.

We find these directions and the construction given them by the board to be rational regulations of an administrative agency. It is well settled that the construction given to statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (Matter of Howard v Wyman, 28 NY2d 434).

On this record we find that Judge Bartlett did not prejudge Justice Marro's application, nor did his recommendation rest on grounds contrary to the board's directives and procedures. The failure of the board to list the reasons for their denial of certification is not evidence of arbitrariness or capriciousness (Matter of Beneky v Waterfront Comm. of N. Y. Harbor, 42 NY2d 920; Matter of Kaminsky v Leary, 33 AD2d 552, affd 28 NY2d 959; Matter of Delicati v Schechter, 3 AD2d 19).

Petitioner's claim that he was entitled to a hearing

before the board is without merit. A determination not to continue a retired Judge by the process of certification does not affect any property right as he was already retired by the constitutional mandate (NY Const, art VI). Therefore, he was not entitled to a due process hearing *(Board of Regents v Roth,* 408 US 564; *Matter of Cassidy v Municipal Civ. Serv. Comm. of City of New Rochelle,* 37 NY2d 526; *Nurenberg v Ward,* 51 AD2d 1022). There is no "stigma" attached to the failure to be certified. Certainly, lack of five years' service as a Supreme Court Justice before retiring does not create a "stigma" which would entitle Justice MARRO to a due process hearing *(Board of Regents v Roth, supra; Matter of Petix v Connelie,* 61 AD2d 65).

There was no public disclosure of the reasons for failure to certify Justice Marro, and thus petitioner was not deprived of a liberty so as to invoke the due process clause *(Bishop v Wood,* 426 US 341). We also note that Justice Marro failed to affirmatively challenge the substantial truth of the contention of Judge Bartlett that the Administrative Judges did not recommend certification *(Codd v Velger,* 429 US 624).

The judgment should be reversed, on the law and the facts, and the petition dismissed, without costs.

KANE, J. P., STALEY, JR., and HERLIHY, JJ., concur; MAIN, J., not taking part.

Judgment reversed, on the law and the facts, and petition dismissed, without costs.