■ JANET VANDERVEER, Also Known as JANET DE BALSO, et al., as Administratrices of the Estate of HELEN A. KLEINHANS, Deceased, Respondents, v CALLANAN INDUSTRIES, INC., Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered March 30, 1983 in Albany County, upon a decision of the court at Trial Term (Prior, Jr., J.), without a jury. Plaintiffs commenced this action for specific performance of a contract for the sale of property located in the Town of Bethlehem, Albany County. After a trial without a jury, specific performance of the contract was ordered. Defendant appeals and we affirm. We do not agree with defendant's argument that the colored markings used to identify certain property on a tax map admitted into evidence prejudiced defendant. Defendant's objections were only to the colored markings on the map, not to the map itself, and, thus, any error, if there be any, concerning the admission into evidence of the map qua map has not been preserved for review on appeal (CPLR 5501, subd [a], par 3; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5501:7, p 27). The testimony cited by defendant as being influenced by the colored markings on the map did not refer to the colored markings but to parcel numbers as marked on the map and various monuments. The trial court, as fact finder at the trial, was in the best position to consider whether the witnesses relied on the colored markings in their identifications of parcels and monuments on the map and our review of the record reveals nothing demonstrating any error in this regard. Thus, we cannot say that the witnesses' testimony concerning the location of certain property and boundaries was improper or prejudicial. We further note that the trial court did not admit the challenged markings into evidence and did not refer to them in its findings and conclusions, apparently relying instead on the testimony of the witnesses, which, as noted above, was properly received. Accordingly, the colored markings on the tax map in evidence do not require reversal. We also find without merit defendant's contention that the trial court erred in interpreting the contingency clause of the contract. This clause read: "If a review of the Title Search reveals that a restriction exists against a State-of-the-Art mining or aggregate processing operation on this site, the Purchaser shall have the option of voiding this agreement and demanding immediate return of the deposit held in escrow by by [sic] the Seller's Attorney." Defendant argues that the reference to "review of the Title Search" included review of the rules and regulations of the State Department of Environmental Conservation, which may possibly preclude defendant from mining the subject property, the objective for which defendant wanted the property. A "Title Search", however, clearly and unambiguously refers to the record chain of title and any easements, covenants, liens or the like which would be disclosed therein (see Black's Law Dictionary [4th ed], p 1518; see, also, Real Property Law, § 379, subd [h]). Because the phrase is unambiguous, further interpretation of "review of the Title Search" is unnecessary (see, e.g., 22 NY Jur 2d, Contracts, § 188, p 22). If defendant intended a broader meaning for the quoted phrase, it should have specifically stated such, rather than relying on a term which has a commonly accepted meaning in the legal profession. It being undisputed that the record chain of title does not preclude a "State-of-the-Art mining or aggregate processing operation" on the subject property, the contingency clause is not effective. We also disagree with defendant's contention that specific performance of the contract would result in undue hardship for

defendant and, under equitable considerations, the sale of the property should not be forced upon it. In its brief, defendant admits that the evidence demonstrates that it "may not necessarily be restricted in its mining operations" on the subject property. It is difficult to comprehend how undue hardship sufficient to defeat granting specific performance (see *Duane Sales v Carmel,* 57 AD2d 1003, revd on other grounds 49 NY2d 862; see, also, 55 NY Jur, Specific Performance, § 34 *et seq.*) can be shown by defendant when it is not even certain that defendant is unable to use the property for the purposes originally contemplated. Accordingly, specific performance is appropriate and we affirm the trial court's judgment. Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.