◼ THOMAS MANZO, Respondent, v WESTCHESTER ROCKLAND NEWSPAPERS, INC., et al., Appellants. — In an action to recover damages for libel, defendants appeal from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered August 18, 1983, as granted plaintiff's motion to strike interrogatories numbered 9 through 14, 16, 18 through 30, 33 through 35 and 39 through 42 and as denied defendants' cross motion to compel plaintiff to answer the aforenoted interrogatories.

Order modified, by adding a provision that interrogatories numbered 9 through 14 and 26 through 29 are stricken without prejudice to the defendants' service of a new and proper set of interrogatories, if so advised, limited to evidence material and necessary to the defense of the action. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Interrogatories numbered 9 through 12 are unreasonably overbroad as they request plaintiff to disclose specific acts of misconduct which are unrelated to the defamatory charge and, thus, may not be proved by extrinsic evidence at trial for the purpose of reducing or mitigating damages (see *Crane v New York World Tel. Corp.,* 308 NY 470) or for impeaching plaintiff's credibility on cross-examination (Richardson, Evidence [Prince, 10th ed], § 498, p 483; Fisch, NY Evidence [2d ed], § 458, p 297). However, defendants may be entitled to discover specific acts of misconduct " 'tending but failing to prove the truth' " of the defamatory charge that plaintiff is a convicted loan shark for the purpose of reducing compensatory damages at trial (see *Crane v New York World Tel. Corp., supra,* p 476; *Fleckenstein v Friedman,* 266 NY 19). Additionally, defendants may discover if plaintiff was ever convicted of a crime (see CPLR 4513; *Goberman v McNamara,* 76 Misc 2d 791).

Although the nature of plaintiff's business or profession and his social standing are proper subjects for discovery (see *Bishop v New York Times Co.,* 233 NY 446; *Gressman v Morning Journal Assn.,* 197 NY 474; *Morey v Morning Journal Assn.,* 123 NY 207; 10 Fuchsberg, New York Law of Damages, § 777), interrogatories numbered 13 and 14, as currently propounded, are patently overbroad, burdensome and oppressive.

We further note that defendants are entitled to discover if plaintiff, by virtue of his position or purposeful activity, thrust himself into the vortex of an important controversy, which

commanded a substantial amount of independent public interest at the time of the publication. However, we reject defendants' contention that interrogatories numbered 26 through 29, as presently drafted, are sufficiently limited in scope to the disclosure of evidence relevant to the issue of whether or not plaintiff was a public figure or a private person at the time of the publication.

Under the circumstances, it was within Special Term's discretion to strike, rather than to prune, interrogatories numbered 9 through 14 and 26 through 29 (*Barouh Eaton Allen Corp. v International Business Machs. Corp.*, 76 AD2d 873; *Forest Bay Homes v Kosinski*, 65 AD2d 589). Nevertheless, in view of the fact defendants have the right to discover some of the information requested in said interrogatories, vacatur should have been without prejudice to the defendants' service of a new and proper set of interrogatories, if so advised, limited to evidence material and necessary to the preparation of their defense.

Interrogatories numbered 16, 18 through 25, 39 and 40 are designed to discover facts to prove the truth of an independent and unconnected defamatory charge in the published article upon which plaintiff did not bring suit. The aforenoted interrogatories were properly stricken since defendants may not proffer evidence at trial to substantiate this unrelated defamatory charge for the purpose of reducing compensatory damages or mitigating punitive damages with respect to the libelous charge that plaintiff is a convicted loan shark (see *Gressman v Morning Journal Assn.*, 197 NY 474, *supra; Steinberg v Newspaper Enterprises*, 5 AD2d 686; 1 Seelman, Law of Libel and Slander in the State of New York [rev ed], par 319, pp 421-426; PJI 3:38 [Supp]; cf. *Holmes v Jones*, 147 NY 59; *Osterheld v Star Co.*, 146 App Div 388).

Lastly, Special Term did not err in striking interrogatories 30, 33 through 35 and 41 and 42 because the requested information is patently beyond the scope of discovery authorized by CPLR 3101. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.