■ THOMAS B. RUSH et al., Respondents, v RICHARD INSOGNA, Appellant.—Levine, J. Appeal from that part of an order of the Supreme Court at Special Term (Dier, J.), entered February 6, 1985 in Schenectady County, which granted plaintiffs' cross motion to vacate defendant's interrogatories.

Plaintiffs, police officers in the Village of Scotia, Schenectady County, commenced the instant action alleging that defendant had defamed them by statements he made to a newspaper reporter after his trial on a charge of disorderly conduct in the Scotia Village Court. After issue was joined, defendant served plaintiffs' attorney with a demand for a bill of particulars and a notice for discovery and inspection. The demand for a bill of particulars was vacated in its entirety by Special Term on the grounds that it requested evidentiary or irrelevant material. The notice for discovery and inspection was partially vacated in that the items demanded therein encompassed public records not in plaintiffs' possession, mate-

rial prepared for litigation and irrelevant matters. Plaintiffs were, however, ordered to furnish to defendant three of the items requested.

After an interval of several months without further disclosure requests by defendant, plaintiffs filed a note of issue and a statement of readiness. Defendant moved to strike the note of issue because plaintiffs had not complied with Special Term's prior order, and at the same time served plaintiffs with a set of interrogatories. Plaintiffs cross-moved to vacate the interrogatories. Special Term granted defendant a conditional order requiring plaintiffs to comply with the prior order within 30 days or the note of issue would be stricken, and also granted plaintiffs' cross motion to vacate the interrogatories. This appeal by defendant ensued. We affirm.

An examination of defendant's interrogatories shows that of the 85 items demanded, a substantial number impermissibly requested material contained in public records which were not in plaintiffs' possession (see, Calcados Samello v Intershoe Inc., 78 AD2d 796), irrelevant matters (see, Goldberg v Blue Cross of Northeastern N. Y., 81 AD2d 995), and items contained in those portions of defendant's notice for discovery and inspection which were previously denied. Additionally, several of the demands were overbroad, burdensome and offensive (see, Manzo v Westchester Rockland Newspapers, 106 AD2d 492), requesting, for example, the name and address of each and every person claimed to have read and discussed the newspaper article in question. Under the circumstances, it was well within Special Term's discretion to strike the interrogatories in their entirety rather than to prune them (see, Manzo v Westchester Rockland Newspapers, supra, p 493; Barouh Eaton Allen Corp. v International Business Machs. Corp., 76 AD2d 873; Forest Bay Homes v Kosinski, 65 AD2d 589).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.