■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v RAYMOND M. AASEN et al., Appellants.—Weiss, J. P. Appeal from an order of the Supreme Court (Rose, J.), entered October 14, 1988 in Tompkins County, which, *inter alia,* granted plaintiff's motions to strike defendants' interrogatories and to dismiss defendants' affirmative defenses and counterclaims.

On December 10, 1953 plaintiff acquired a written option to purchase real property from Helen and Bryant Dates, defendants' predecessors in title. The property to be purchased was located in the Town of Lansing, Tompkins County, and consisted of a 400-foot-wide strip of land upon which high-voltage electric transmission lines were to be built in conjunction with a new generating plant. The option provided in relevant part that: "4. The parties hereto *may* by separate instrument agree to permit the [Dateses] to use the land being conveyed for agricultural purposes only, said use to be at the sole risk of the [Dateses] and is not to interfere with the use of the land by [plaintiff] for its purposes" (emphasis supplied).

Plaintiff exercised the option and pursuant thereto the Dateses conveyed the property to plaintiff by warranty deed dated June 29, 1954. In the deed, the Dateses reserved the following relevant easements; the right to ditch for agricultural purposes, the right-of-way over for crossing for agricultural purposes and the right to lay and maintain a pipeline from the farm spring to the Dateses' building. The deed did not reserve a general agricultural use easement. At the time of the conveyance, plaintiff entered into a written lease with

the Dateses leasing the subject premises back to the Dateses for agricultural purposes "for such period of time as either of the lessees herein shall have an interest in the premises".

In 1965, the Dateses sold the remainder of their farm land to defendants by a deed which excepted therefrom the conveyance to plaintiff, but granted the rights reserved by the Dateses in said conveyance to defendants. In 1969, defendant Raymond M. Aasen entered into an agreement with plaintiff which permitted him to use the subject premises for agricultural purposes. This agreement provided that plaintiff could terminate the license upon 30 days' written notice. The land use agreement was in fact canceled by plaintiff in a letter dated April 10, 1980. Defendants' continued use of the premises prompted plaintiff to commence this action pursuant to RPAPL article 15 to determine the respective rights and claims in the premises. Defendants interposed affirmative defenses and counterclaims and ultimately sought class action status on said counterclaims. Defendants also served plaintiff with interrogatories. Plaintiff moved for a protective order and, by separate motion, to dismiss the affirmative defenses and the class action counterclaims.

Supreme Court determined that the fundamental issue involved was whether any general agricultural use easement exists by virtue of the option agreement, the resultant deed and lease and related writings. The court concluded that the writings created no easement and, since the affirmative defenses and counterclaims necessarily relied upon such an easement, they must be stricken and dismissed. As a result, class action claims could not be prosecuted by defendants. The court also struck the interrogatories, finding that they were manifestly overbroad. Defendants have appealed.

Defendants initially contend that Supreme Court utilized an incorrect standard in reviewing plaintiff's motion to dismiss pursuant to CPLR 3211 (a) (7). The standard set forth in *Guggenheimer v Ginzburg* (43 NY2d 268), *Matter of FYM Clinical Lab. v Perales* (147 AD2d 840, *affd* 74 NY2d 539) and *Sanbar Projects v Gruzen Partnership* (148 AD2d 316) requires a review of the challenged pleadings as clarified by affidavits to determine whether the proponent of the pleadings has a cause of action, not whether he has stated one. Unless it has been shown that a material fact as alleged by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, the motion must fail *(Guggenheimer v Ginzburg, supra,* at 275). The material fact alleged by defendants is the existence of a general agricultural use

easement upon plaintiff's power transmission line property which they claim is based upon unchallenged documents. Defendants contend that it is the legal interpretation of those documents which is at issue.

Defendants urge that the alleged easement was created by paragraph 4 of the option agreement, previously quoted, and argue that a complete historical and factual record of plaintiff's dealings with other landowners is necessary to resolve this issue. Defendants seek to construe the word "may" in paragraph 4 of the option agreement as requiring certain contingencies (defined by defendants) to be met before they have the right to use the easement. The argument made by defendants appears disingenuous at best for they urge that the option agreement created bilateral prerequisites upon the parties. Defendants contend that they must first establish their willingness and ability to farm the land in a manner which would not interfere with plaintiff's use. They simultaneously contend that plaintiff's use for transmission of electricity must not interfere with their ability to farm the land. Then, provided defendants agreed to indemnify and hold plaintiff harmless from any liability from the farming activities, their right to exploit the land for farming somehow automatically ripened into an easement for their benefit. Defendants argue that failure to accept such analysis as true for motion purposes was error. We disagree.

The language of the option agreement is clear and unambiguous as a matter of law and, accordingly, evidence of intention and acts of the parties other than that existing in the contract itself plays no part in interpreting the document and no proof need be taken as to its real meaning (see, Parochial Bus Sys. v Board of Educ., 91 AD2d 13, 17, affd 60 NY2d 539). Defendants seek to have the term "may" mean "shall" in this context. A review of the option shows repeated use of the word "shall" in a mandatory mode with other terms and conditions. The word "may" provides for a permissive and not a mandatory meaning within the context of the option agreement (see, People v Carroll, 3 NY2d 686; Matter of Marro v Bartlett, 61 AD2d 729, affd 46 NY2d 674). The paragraph cannot be challenged by parol evidence (see, Parochial Bus Sys. v Board of Educ., supra). If defendants' predecessors in title intended the clause to have a broader meaning, they should have specifically so stated, rather than rely on a term which is commonly accepted to have a different meaning (see, Vanderveer v Callanan Indus., 97 AD2d 916). The creation of an easement by express grant requires a writing with plain,

direct and unequivocal language evincing the grantor's intent to create a right in the nature of an easement rather than a revocable license *(Willow Tex v Dimacopoulos,* 68 NY2d 963). The policy of law favoring unrestricted use of realty requires that where there is any ambiguity as to the permanence of the restriction to be imposed on the servient estate, the right of use should be deemed a license *(supra,* at 965).

Plaintiff acquired this property by negotiation, agreement and purchase rather than by condemnation, a power which it possessed at the time. The option term providing that the parties may, by separate instrument, agree to agricultural land use indicates the possibility of a subsequent lease or license, but does not state or even imply a reservation of right or retention of an easement by the optionors, from whom defendants acquired title. The subsequent deed, while specifically providing for several agricultural-related easements, does not provide for a retention of an easement of the nature suggested by defendants. The other separate instrument entered into at the time of the closing is entitled "Lease", which provides for nominal rent ($1 per year) and that it shall exist "for such period of time as either of the lessees herein shall have an interest in the premises". Neither the terms of the deed nor the lease suggests the creation of a general agricultural use easement, but, to the contrary, provides otherwise, consistent with the option agreement.

There being no legal written easement, the record is searched to determine if defendants, however inartistically pleaded, have a potentially meritorious claim or defense *(see, Sanbar Projects v Gruzen Partnership,* 148 AD2d 316, 318, *supra).* We find none. Defendants' claims and defenses all relate to the power transmission corridor lands subject to the option agreement and to the conveyance by the Dateses. Defendants argue that a defense of estoppel has been stated; however, such a claim requires a parol attack upon legal title to real property as to the meanings of documents contrary to their clear and unambiguous terms. Defendants fail to articulate any other claim which was missed or misinterpreted by Supreme Court.

Without the counterclaims, defendants' application for a class action must fail as they are not representative parties *(see,* CPLR 901 [a] [4]). Finally, we find that defendants' interrogatories were properly stricken as overbroad *(see, Rush v Insogna,* 119 AD2d 879; *see also, Manzo v Westchester Rockland Newspapers,* 106 AD2d 492).

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.